IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
OTHA HILSON III,                                        : CASE NO. 4:07 CV 00187
                                                        :          4:03 CR 00228
                            Petitioner,                 :
                                                        : MEMORANDUM OF OPINION AND
               -vs-                                     : ORDER DENYING PETITIONER
                                                        : RELIEF UNDER FED. R. CIV. P.
                                                        : 59(e) AND 60(b).
UNITED STATES OF AMERICA,                               :
                                                        :
                            Respondent.                 :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 14 July 2008, this Court issued its "Memorandum of Opinion and Order Denying Petitioner Relief Under 28 U.S.C. § 2255." (Doc. 8, Case No. 4:07 CV 187). The Court's Order responded to Petitioner Otha Hilson's ("Mr. Hilson" or "the Petitioner") contention that his conviction should be vacated on four grounds: (1) the Court lacked subject-matter jurisdiction to adjudicate the criminal proceedings; (2) the Petitioner's first defense counsel did not zealously advocate for the defendant; (3) his second defense

counsel did not zealously advocate for the defendant; and (4) the Petitioner's guilty plea was neither knowing nor voluntary.  (Doc. 1: 7 CV 187, Doc. 52: 3 CR 228).

In its Order, the Court determined that Mr. Hilson's fourth claim had already been litigated on the merits on direct appeal and lacked the earmarks of an "exceptional circumstance" for any reconsideration under section 2255.  See United States v. Hilson, 152 Fed. Appx. 452, 453, 2005 WL 2649958 (6th Cir. 2005).  The Court dismissed Mr. Hilson's first claim both as a procedural matter and on the merits and, further, denied on the merits the Petitioner's second and third claims for ineffective assistance of counsel. (Doc. 8).  The Court also denied Mr. Hilson's request for an evidentiary hearing, and declined to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).  Id.

Now before the Court is Mr. Hilson's 21 November 2008 motion for relief pursuant to Fed. R. Civ. P. 59(e) and 60(b).  (Doc. 11). For the reasons discussed below, the Court will deny the Petitioner's request for relief.

### I. The Rule 59(e) Motion is Untimely and Unwarranted

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) "allows for reconsideration; it does not permit parties to effectively 're-argue a case.' " Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008) (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)).  The Court may alter or amend its judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005), cert. denied, 547 U.S. 1070 (2006).

2

The inherent power to vacate orders prior to entry of final judgment is implicitly recognized in Rule 59 of the Federal Rules of Civil Procedure.  Rule 59 refers to motions "to alter or amend a judgment" and provides that they must be filed "no later than 10 days after entry of the judgment" Fed.R.Civ.P. 59(e).  Motions subject to Rule 59(e) may be utilized in timely attempts to vacate judgment.  See Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

On 14 July 2008, the Court entered judgment denying Mr. Hilson relief under section 2255.  (Docs. 60, 61, Case No. 4:03 Cr 228; Docs. 8, 9, Case No. 4:07 CV 187).  On 29 August 2008, Mr. Hilson moved the Court for leave to file his motion for reconsideration pursuant to Rule 59(e) and 60(b), and a request for a copy of the Court's decision. (Doc. 62, Case No. 4:03 CR 228).  On 27 October 2008, the Court granted Mr. Hilson's request for leave to file only as it pertained to the filing of a Rule 60(b) motion for a review of the judgment.  (Doc. 63, Case No. 4:03 CR 228).  The Court noted Rule 59 specifically states the motion is to be served not later than ten (10) days after entry of the judgment.  In turn, Rule 6(b) provides that a district court "may not extend the time for taking any action under Rule 59(b)" and all courts considering the matter have uniformly held that the 10 day period may not be enlarged under any circumstances.  Lichtenberg v. Besicorp Group, Inc., 204 F.3d 397, 401 (2nd Cir. 2000); Rhoden v. Campbell, 153 F.3d 773 (6th Cir. 1998).

Moreover, even if the Court were to now consider Mr. Hilson's Rule 59 motion, his request for relief raises issues upon which the Court has already ruled.  Mr. Hilson offers no evidence of newly discovered evidence or an intervening change in controlling law.  Nor is the Court persuaded that it committed a clear error of law when it dismissed

3

Mr. Hilson's habeas petition. Finally, the Court determines that it is not necessary to alter or amend the Court's 14 July 2008 judgment to prevent a manifest injustice.

Accordingly, Petitioner's motion to alter or amend the judgment will be denied.

### II. The Rule 60(b) Motion is Inadequate to Merit Further Review

A Rule 60(b) motion is a collateral attack on a judgment, an effort to set aside a judgment that has become final through exhaustion of judicial remedies. Howard v. United States, 533 F.3d 472, 474 (6th Cir. 2008). Federal Rule of Civil Procedure 60(b) consists of six enumerated clauses specifying the grounds on which relief from a judgment or order may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).

Mr. Hilson does not specify upon which elements of Rule 60(b) he relies for his motion for reconsideration. As such, the Court will construe the motion as filed under Rule 60(b)(6), the residual clause. Motions under Rule 60(b)(6) do not have a time limit, but a movant is required to demonstrate extraordinary circumstances which would justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535, (2005); McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 502-503 (6th Cir. 2000) (finding a relief from a judgment or order under Rule 60(b) is an "extraordinary remedy that is

granted only in exceptional circumstances"). Relief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity mandate relief. GenCorp., Inc. v. Olin Corp., 477 F.3d 368, 373 (6th Cir. 2007).

A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir. 1981). A party may not use Rule 60(b) "as an occasion to relitigate its case." General Universal Systems, Inc. v. Lee, 379 F.3d 131, 157 (5th Cir. 2004); Barnes v. Clinton, 57 Fed. Appx 240, 241 (6th Cir. Jan.31, 2003).

Aside from Mr. Hilson's request "for reconsideration pursuant to Fed. R. Civ. P. 59(e) and Rule 60(b)" (Doc. 11, p. 1), and his conclusory request that the Court "grant his Motion Fed. R. Civ. P. 59(e) and rule [sic] 60(b)" (Doc. 11, p. 20), the Petitioner's motion is identical, word-for-word, to his 11 June 2007 motion in reply to the government's opposition to his request for relief under section 2255. (Doc. 54, Case No. 4:03 Cr 228). Because Mr. Hilson has already litigated his arguments in his initial section 2255 petition, and here provides no new argument, relief is unwarranted to simply rehash those previous contentions.

Mr. Hilson's motion must be denied for yet another reason. The Petitioner's prior habeas corpus petition was adjudicated on the merits. The Petitioner has not obtained from the Sixth Circuit Court of Appeals authorization to file a second or successive petition in this Court. See 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has recognized that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re

Sims, 111 F.3d 45, 47 (6th Cir. 1997). The United States Supreme Court held that a motion which is styled as a motion for relief from judgment under Fed.R.Civ.P. 60(b) and that seeks to advance one or more substantive claims following a denial of a habeas petition is properly classified as a "second or successive habeas petition," requiring authorization from the Court of Appeals before filing. Gonzalez v. Crosby, 545 U.S. 524 (2005). Therefore, this Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the Sixth Circuit Court of Appeals. Id.

For the reasons stated, the Court denies Mr. Hilson's Rule 59(e) motion to alter or amend judgment, and his Rule 60(b) motion for relief from judgment.

IT IS SO ORDERED.

    /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE